[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15714
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2010
JOHN LEY
CLERK

D.C. Docket No. 08-00772-CV-T-24-TBM

RENEE ANDERSON,

Plaintiff-Appellant,

versus

HILLSBOROUGH COUNTY SCHOOL BOARD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 3, 2010)

Before BLACK, MARTIN and COX, Circuit Judges.

PER CURIAM:

Renee Anderson, a former high school student at Riverview High School, brought this suit against the Hillsborough County School Board under 42 U.S.C. § 1983. Anderson claims that her Fourteenth Amendment due process rights were

violated both by a temporary removal from Riverview High School and, ultimately, her change in placement to an alternative school. The district court granted the Board summary judgment, and Anderson appeals.

On May 13, 2005, during the last week of school, Anderson was suspended for ten days for fighting and battery on Assistant Principal Massena. Ultimately, the Board removed Anderson from Riverview High School, calling for her placement in an "alternative school" rather than a "regular" high school.

Anderson claims that the Board deprived her of her constitutional right to a public education. The district court's opinion correctly notes that the federal constitution does not create a right to a public education, but that Florida's constitution and statutory law creates a right to a public education, and federal law treats that right as a property or liberty interest protected by the due process clause of the Fourteenth Amendment. *Goss v. Lopez*, 419 U.S. 565, 574, 576, 95 S. Ct. 729, 736, 737(1975). Florida law does not, however, create a right to attend a high school of your choice, and this court has never decided that a Florida student has a property or liberty interest in attending a particular high school. And, we doubt that the transfer of a student to an alternative school deprives a Florida student of an interest that is cognizable under the Fourteenth Amendment. But this is not a case where we need decide this question because we conclude that if due process was due Anderson

2

for her temporary suspension and her alternative school placement, she was not deprived of the process due. We assume arguendo, therefore, that the due process clause of the Fourteenth Amendment applies to both Anderson's temporary suspension and the Boards's decision to place her in an alternative school.

Anderson's briefs present her arguments in three numbered sections – captioned Issue I, Issue II, and Issue III. The thrust of the Issue I argument seems to be that Anderson was permanently expelled from all Hillsborough County public schools on June 7, 2005, and that the district court erred in concluding that she was not. The district court determined that the Board clearly stated that Anderson was only "expelled" until a hearing could be held, and instructed Anderson's parents to reschedule an administrative hearing that had been disrupted. (R.1-47 at 10-12.) The district court's conclusion is supported by the record. No rational fact-finder could conclude that the Board permanently "expelled" Anderson on June 7 from all Hillsborough County public schools. An "expulsion" pending a hearing is not permanent expulsion.

The thrust of the Issue II arguments is that (1) the Board did not afford Anderson the process due before or after her initial suspension pending a hearing; and (2) the Board did not offer Anderson the process due her prior to its decision to change her placement to an alternative school. The district court's opinion (R.1-47)

carefully addresses both of these arguments and finds them meritless. (*Id*. at 10-14.) We find no error in the court's resolution of these issues. And, we reject Anderson's argument under "Issue II" that she was entitled, prior to the scheduling of a final placement hearing, to be provided more procedural protections than she received. The district court properly resolved this issue as well. (*Id*. at 14-15.)

Anderson was suspended from Riverview High for about a week. School was ending, and she neither sought nor was denied school attendance in Hillsborough County during the summer. The Board's ultimate decision to change her placement to an alternative school came after Anderson was offered the process the due process clause requires.

Lastly, we have considered Anderson's argument under Issue III. She argues that in granting summary judgment, the district court relied upon facts not supported by competent evidence. None of Anderson's arguments are compelling. Many of the factual statements which Anderson questions are not relevant to our resolution of the issues before us. Some of the facts questioned are clearly supported by the record. And, most importantly, Anderson's response to the Board's motion for summary judgment did not challenge the admissibility of any of the evidence submitted in support of the Board's motion for summary judgment. (Anderson's Response, R.1-45.) We have long held that we do not consider an issue that was not raised in district

court but raised for the first time of appeal. *Depree v. Thomas*, 946 F.2d 784, 793 (11th Cir. 1991).

Finding no error, we affirm.

AFFIRMED.